MATTER OF SENIOR

In Deportation Proceedings

A-12357361

*Decided by Board August 29, 1968*

Notwithstanding he now possesses the requisite familial relationship, an alien who entered the United States with a nonquota immigrant visa obtained on the basis of his bigamous marriage to a U.S. citizen and a section 212(h) waiver of criminal grounds of excludability under section 212(a) (9) of the Immigration and Nationality Act, is ineligible for the benefits of section 241(f) of the Act since the section 212(h) waiver is null and void as he was not married to a citizen at time of grant and, therefore, he was not "otherwise admissible" at entry, as required by statute.

CHARGES:

Order: Act of 1952—Section 241(a) (1) [8 U.S.C. 1251(a) (1)]—Excludable at time of entry—immigrant—no visa.

Act of 1952—Section 241(a) (1) [8 U.S.C. 1251(a) (1)]—Excludable at time of entry—alien who has procured visa by fraud.

ON BEHALF OF RESPONDENT:
Joseph L. Andrews, Esquire
Sachs and Spector
152 West 42d Street
New York, New York 10036

ON BEHALF OF SERVICE:
R. A. Vielhaber
Appellate Trial Attorney

The case comes forward on appeal from the decision of the special inquiry officer rendered on April 26, 1968, in which he found the respondent deportable as charged but granted voluntary departure with an alternative order of deportation to England, or if not accepted there, then to the respondent's native country of Jamaica. The special inquiry officer denied the respondent's request to terminate the proceedings.

The respondent is a 41-year-old married male alien, a native and citizen of Jamaica, who last entered the United States at El Paso, Texas on December 13, 1962, at which time he was reentering the United States for the purpose of resuming his permanent residence in this country. The respondent had initially entered the United States

at New York on February 4, 1962, being admitted as a permanent resident on the basis of a nonquota visa issued to him on February 2, 1962. At the time of applying for said visa, the respondent alleged that he was then legally married to a United States citizen.

The record amply shows that at the time he applied for the visa he was in fact still married to his first wife who was not a citizen of the United States or an alien admitted for permanent residence. Also at the time he received his immigrant visa, he was not otherwise admissible to the United States because he had been convicted of two crimes involving moral turpitude and, therefore, was excludable under section 212(a)(9) of the Immigration and Nationality Act. He received a waiver of this ground of inadmissibility under section 212(h), Immigration and Nationality Act, on the basis that his exclusion would result in extreme hardship to his United States citizen spouse. The crimes for which the respondent was convicted in Jamaica in 1948 consisted of petty larceny for which he was fined $35.00 and also nine counts of obtaining money by false pretenses for which he was sentenced to two years' imprisonment, of which he served 16 months. Since these convictions were for crimes involving moral turpitude and since there were two such convictions, the respondent was clearly excludable from the United States at the time of his entries on February 4, 1962 and December 13, 1962 unless he obtained a waiver under section 212(h) of the Act, which as aforementioned he had.

The respondent's failure to reveal these crimes at the time he applied for a nonimmigrant visa and the fact that he represented that he was the spouse of a United States citizen amounted to his obtaining the visa by fraud and hence he was excludable under section 212(a)(19) of the Immigration and Nationality Act. The respondent also obtained a waiver of this ground of excludability pursuant to section 212(i) on the basis that he was the spouse of a United States citizen.

The thrust of the respondent's arugment that the proceedings should now be terminated is based upon his contention that he should be granted relief from deportation under section 241(f), Immigration and Nationality Act, which provides in effect that the provisions of section 212(a)(19) under which he would be excludable and deportable shall not apply if the alien is the spouse of a United States citizen, and if otherwise admissible. The respondent cites the case of *Scott* v. *Immigration and Naturalization Service*, decided by the United States Supreme Court on December 12, 1966, and cited as 385 U.S. 214. This case held in effect that the circumventing of quota restrictions by misrepresentation and fraud would not render a person otherwise inadmissible so as to preclude relief from deportation under section 241(f), Immigration and Nationality Act.

In the instant case, it would appear that relief under section 241(f), as interpreted in the *Scott* case (*supra*) would be available to the respondent if he was otherwise admissible to the United States. We concur with the conclusion of the special inquiry officer that the respondent was not otherwise admissible to the United States by reason of his two convictions for crimes involving moral turpitude, which thus rendered him inadmissible under section 212(a)(9) of the Act. It will not avail to argue that he obtained a waiver of this ground of exclusion under section 212(h) of the Act since such waiver was obtained itself on the basis that his exclusion would result in extreme hardship to his United States citizen spouse. He was not married to a United States citizen at that time and such waiver is, as held by the special inquiry officer, completely null and void. The respondent was not entitled to this nonquota immigrant visa because the person filing the visa petition on his behalf was neither his wife nor a United States citizen as alleged in the petition. The respondent had contracted a marriage to a United States citizen on August 5, 1961, but at that time he was still married to his first wife whom he had married on August 19, 1959 and by whom he had two children.

The respondent was clearly excludable on both occassions when he entered the United States, on February 4, 1962 and again on December 13, 1962 when he entered the United States as a returning resident alien. This being the case, the respondent is deportable as charged and we will thus affirm the decision of the special inquiry officer and dismiss the appeal. We will not disturb the grant of voluntary departure.

**ORDER:** It is ordered that the appeal be and the same is hereby dismissed.